# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 9-309 |
| v. | ) | CV 14-233 |
| EDISON D. MCLELLAN | | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Reconsideration of this Court's Order dated April 7, 2016, denying his Section 2255 Motion.[1] In particular, Defendant seeks reconsideration of the portion of the Order addressing his allegations that the plea agreement was breached, and his request for an evidentiary hearing thereon. The Order stated as follows:

> Defendant appears to suggest that his counsel was ineffective for failing to pursue resentencing after additional assistance rendered in 2012, well after these proceedings had concluded. The plea letter, however, clearly indicated that the Government retained discretion with respect to the subject portion of the plea agreement, and advised Defendant that the ultimate sentencing decision lay with the Court; further, the Government filed a sealed motion [based on Defendant's assistance], also discussed at the sentencing hearing, that resulted in a sentence below the guideline range. In other words, Defendant has not averred that the Government failed to live up to its obligations. Accordingly, Defendant's contentions would fail under all potentially applicable standards.

Defendant contends that he seeks specific performance from the prosecution, insofar as the Government should evaluate his additional assistance rendered in October, 2012, which postdated his sentencing. In other words, he seeks a post-sentencing proceedings related to a Rule 35(b) motion based on that assistance.

> A federal district court has the authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if the refusal was based on an unconstitutional motive, such as the defendant's race or religion. In addition, a district

---

[1] This matter was reassigned to me from Judge Cercone for reasons of case management internal to the Court, and the reassignment has no bearing on or reference to the merits of Defendant's claims.

1

> court has the power to review a prosecutor's decision not to file a substantial assistance motion if the refusal is based on bad faith or if a plea agreement otherwise requires the government to consider offering such a motion. However, a claim that a defendant "provided substantial assistance will not entitle [him] to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." To be entitled to discovery or a hearing, the defendant must make a "substantial threshold showing" of an unconstitutional motive by the government.

United States v. Hicks, 2006 U.S. Dist. LEXIS 81381, at **8-9 (W.D. Pa. Oct. 25, 2006) (citations omitted).

Moreover, "the Supreme Court has repeatedly noted that courts are properly hesitant to examine prosecutorial decision making." United States v. Abuhouran, 161 F.3d 206, 216 (3d Cir. 1998). Accordingly, in order to trigger judicial review of a decision not to file a substantial assistance motion, and to trigger a hearing, a defendant must allege and then show bad faith on the part of the Government. United States v. Harris, 38 Fed. Appx. 738, 741 (3d Cir. Pa. 2002).

In this case, Defendant alleges no unconstitutional or other improper motive, or bad faith, for the Government's approach to his post-sentencing assistance. Moreover, the plea agreement specifically stated that the Government has discretion to act on Defendant's pre- or post-sentencing assistance. When a plea agreement obligates the Government to consider a Defendant's assistance, and that determination rests with the Government's discretion, the failure to file a Rule 35(b) motion does not constitute a breach of the agreement. See, e.g., United States v. Bell, 465 Fed. Appx. 892, 894 (11th Cir. 2012). In sum, "[e]ven assuming that the Government did promise to file a Rule 35(b) motion on [Defendant's] behalf, we cannot review [his] Rule 35(b) claim because he does not suggest that the Government's failure to make the motion was unconstitutionally motivated." United States v. Sneed, 63 F.3d 381, 388-89 n.6 (5th Cir. 1995).

Accordingly, this 2nd day of June, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court